# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA MARIE RIVERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER HULKABEE, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01422-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 1)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

　　　Plaintiff Donna Marie Rivers ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 13, 2006, while she was incarcerated at the Fresno County Jail.

　　　Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

///

1    In this instance, plaintiff concedes in her complaint that although a grievance process was
2 available to her at the Fresno County Jail, she did not file a grievance. (Doc. 1, § II.) "[E]xhaustion
3 is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v.
4 Bock, Nos. 05-7058, 05-7142, 2007 WL 135890, *8 (Jan. 22, 2007) (citing Porter, 435 U.S. at 524).
5 Because is it clear from the face of plaintiff's complaint that she did not exhaust the available
6 administrative remedies prior to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a);
7 Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion
8 is a valid grounds for dismissal . . . .").

9    Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without
10 prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting her claim
11 prior to filing suit.

12    These Findings and Recommendations will be submitted to the United States District Judge
13 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
14 **days** after being served with these Findings and Recommendations, plaintiff may file written
15 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
16 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
17 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
18 1153 (9th Cir. 1991).

20 IT IS SO ORDERED.

21 **Dated:   January 23, 2007**          **/s/ Sandra M. Snyder**
   icido3                      UNITED STATES MAGISTRATE JUDGE